ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **COURT OF COMMON PLEAS** |
| ) | |
| **CHARLESTON COUNTY** ) | |
| ) | |
| **LAURA CERTEZA,** ) | C.A. No.: 2021-CP-___-_____ |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **SUMMONS** |
| ) | |
| **ROPER ST. FRANCIS HEALTHCARE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at his office at 4000 Faber Place Drive, Suite 300, North Charleston, SC 29405 within thirty (30) days after the service thereof, exclusive of the day of service. If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you. Respectfully Submitted,

                                       s/Bonnie Travaglio Hunt_____
                                       Bonnie Travaglio Hunt
                                       Hunt Law LLC
                                       Federal Bar # 07760
                                       SC Bar # 12341
                                       Attorney for the Plaintiff
                                       4000 Faber Place Drive, Suite 300, N. Charleston, 29405
                                       Post Office Box 1845, Goose Creek, SC 29445
                                       (843)553-8709
                                       Facsimile (843)492-5509
                                       bthunt@huntlawllc.com

January 4, 2021

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | COURT OF COMMON PLEAS |
| ) | |
| CHARLESTON COUNTY ) | |
| ) | |
| LAURA CERTEZA, ) | C.A. No.: 2021-CP-___-_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| ROPER ST. FRANCIS HEALTHCARE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Laura Certeza, by and through her attorney, Bonnie Travaglio Hunt of Hunt Law, L.L.C., hereby complains against the Defendant, Roper St. Francis as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to Age Discrimination in Employment Act. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is brought pursuant to Title VII.

## PARTIES

3. The Plaintiff is an individual who resides in the State of South Carolina at all times relevant to this action.

4. At all relevant times to the allegation in this complaint, the Plaintiff was an employee of the Defendant in Charleston, South Carolina.

5. The Plaintiff is still employed with the Defendant.

6. On information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

7. At all times, relevant to the allegations in this Complaint, the Defendant employed more than 20 persons in the State of South Carolina.

8. At all times, relevant to the allegations in this Complaint, the Defendant operated a facility in the State of South Carolina.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

10. Jurisdiction of this cause arises under Federal Law including but not limited to the Age Discrimination in Employment Act and Title VII.

11. The Charleston Division is the proper venue for this action pursuant because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL HISTORY

12. On August 22, 2019 the Plaintiff filed her first charge of discrimination with the EEOC alleging Race, Sex, and Age Discrimination. Charge number 415-2019-01312. The First charge set forth the following: "I was employed by the above-named employer performing the duties of my position at a satisfactory level throughout my time with the Respondent. My supervisor called on my day off to question an absence. She said she would hate for me to not be able to complete the purchase/get a mortgage. I received a poor marks on my mid year review. I was presented a corrective action; others have been allowed to call out and/or go home & have been taken off schedule

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

but not face corrective action. My spouse (Pacific Islander, aged 56) applied for a position in the ER & was denied based on 'a feeling that the peer interview committee had about our ability to work together.' There are other couples & mother/son who have been allowed to work in the same department. The Respondent provided no reasoning for the aforementioned actions. I believe I have been discriminated against because of my race (American Indian), sex (Female) and age in violation of; Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967; as amended-respectively."

13. The Plaintiff field a charge of discrimination with the EEOC on August 26, 2019 alleging discrimination based on Race, Sex, National Origin, Age, Retaliation and Hostile Work Environment. Chare Number 415-2019-01486.

14. That the charge of discrimination set forth the following: "I. That I have performed my duties as requested and been an exemplary employee. II. That I am currently employed with the above referenced employer. That I have been subjected to differential treatment based on my national origin/Race (American Indian), Sex, and Age. I complained about the situation of harassment and hostile work environment and have been retaliated against with discipline, low performance valuation and terms and conditions. III. That individuals outside my protected categories have been treated more favorably. IV. That as a result of my complaints I am being subjected to a hostile work environment affecting my terms and conditions of employment. V. That my employer discriminated against me base don my age in violation of the Age Discrimination of Employment Act. VI. That my employer created a hostile work environment that was severe and pervasive in hopes that I would leave my employment in violation fo the ADEA and Title VII. VII. That I complained to

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

       my employer about differential treatment, harassment regarding differential treatment and am being retaliated against on daily basis in violation of Title VII.

15.     That the charges were investigated by the South Carolina Human Affairs Commission who issued their rights to sue and referred the matters to the EEOC.

16.     The EEOC issued both Rights to Sue to the Plaintiff on October 14, 2020.

17.     That no longer than 90 days has passed since the issuing of the Right to Sue.

## FACTUAL BACKGROUND

18.     That the Plaintiff is a resident of the United States and at all relevant times the Plaintiff resided in South Carolina.

19.     That the Plaintiff is a Native American female over the age of forty.

20.     That the Plaintiff is a Registered Nurse.

21.     That the Plaintiff has been employed with the Defendant for 11 years.

22.     That the Plaintiff was considered an exemplary employee and was evaluated as such up and until she made a complaint regarding differential treatment based on Age, Sex, Race/National Origin.

23.     After the Plaintiff's complaint regarding differential treatment, she received discipline that was pretextual, a negative evaluation and the terms and conditions of her employment were significantly changed.

24.     That the Plaintiff further began to suffer from a severe and pervasive hostile work environment that affected her mental well being and no reasonable person would have been expected to endure.

25. That the Plaintiff was employed with the Roper St. Francis Emergency Room at the time of the actions which are the subject of the is complaint. The Plaintiff worked Thursday, Friday, Saturday and Sunday 7 am to 7 pm.

26. The Plaintiff made a complaint of differential treatment based on race/national origin, sex, and age against her supervisor. That the Plaintiff was well aware of the supervisor's history that if you report her or cross her you will be done in the department as she was highly vindictive.

27. On July 3, 2019, the plaintiff left work due to illness. The Plaintiff informed all persons that were required to be informed that she was ill, and the Plaintiff was granted permission to leave. The Plaintiff ensured that there was coverage for her shift.

28. On July 4 and July 5, the Plaintiff was out of work due to illness.

29. In July of 2019, the Plaintiff was contacted at home by Kelly Pollard and questioned regarding her call outs due to illness. The Plaintiff was home sick with an Upper Respiratory Infection. The Plaintiff provided the Defendant documentation of the illness. During that conversation Kelly Pollard specifically stated to the Plaintiff "I would hate for you not to be able to get the mortgage and complete the purchase…" The Plaintiff perceived this statement as a direct threat to the Plaintiff's position, income, reputation and ability to purchase a home.

30. On July 12, 2019 the Plaintiff was called into Kelly Pollard's office for her mid-year review. Kelly Pollard attempted to hold the Plaintiff accountable for another employee's performance after his probationary employee. The Plaintiff refused to be held accountable for the actions of another individual. Pollard than informed the Plaintiff that she was

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

disappointed in the Plaintiff. It was after this exchange that the Plaintiff was given the discipline.

31. During that meeting, the Plaintiff received a disciplinary action. The Disciplinary action was for calling out due to the Upper Respiratory Infection. The Disciplinary action was in retaliation for the Plaintiff complaints regarding differential treatment. The write up was intentional to adversely affect the Plaintiff's seeking lateral position transfers and supplemental income. The Defendant was aware of the Plaintiff's intention to seek transfer from the department to escape the differential treatment that was rampant. The write up alleged that the Plaintiff had abandoned her patients when she left with permission due to illness. There was no HR representative present during the meeting.

32. After the meeting the Plaintiff went to Human Resources for another meeting. While there the Plaintiff again refused to sign the write up.

33. During the meeting regarding the write up the Plaintiff informed Kelly Pollard and Debora Wilson that she wished to be treated fairly without fear of Retaliation.

34. That the Plaintiff has witnessed her supervisor giving more favorable treatment to younger Caucasian employees. The plaintiff has witnessed supervisors remove individuals' names from schedules so that absences do not affect their employment and warrant discipline. Further the same supervisors have allowed individuals to leave early and miss days due to childcare issues. The Plaintiff has witnessed other more favorable treatment to individuals who are younger Caucasian employees with more favorable assignments, preferential duties, permitted to give away shifts and taken off shifts with no corrective actions. Supervisors have further traded with employees if they would actually work certain shifts there would be no corrective action for calling out on other shifts.

35. The Plaintiff who rarely had called out has been threatened with termination on two different occasions when her car broke down. Specifically, she was informed if she did not get to work immediately, she would be terminated. The preferential treatment to younger Caucasian employees is rampant among the supervisors.

36. On July 15, 2019, the Plaintiff informed Human Resources that all she wanted was to be treated fairly along with her husband who had applied for a position as a tech with the Department.

37. On July 19, 2019, the Plaintiff filed a grievance with the Defendant regarding her discipline received on July 12, 2019. In that grievance the plaintiff specifically complained against about differential treatment, discrimination, hostile work environment and retaliation.

38. On July 31, 2019, the Plaintiff received correspondence from Human Resources, Debora Wilson requesting additional information and names of others in the ER that had been given preferential treatment based on their race, age or national origin. The Plaintiff wrote an official letter to Human Resources Representative, Deborah Wilson stating that she lived in fear of retaliation and was already suffering from a hostile work environment that was severe and pervasive that affected her terms and conditions of employment on a daily basis.

39. The Plaintiff was denied PTO 8/26/2019 through 9/8/2019 and 9/28/2019 through 9/29/2019.

40. On August 21, 2019, the Grievance was denied. The Defendant has regularly allowed others to have more than 4 occurrences within a 12-month period without discipline.

41. On August 31, 2019, the plaintiff provided Human Resources further information.

42. On September 9, 2019, the Defendant confirmed receipt of the Plaintiff's complaint documenting the differential treatment received in the ER.

43. On September 25, 2019 the Plaintiff was interviewed for a transfer to the new Roper St. Francis Berkeley ER. The plaintiff was attempting to escape the hostile work environment and harassment.

44. After the Plaintiff's complaint the Plaintiff suffered further retaliation. The Plaintiff was removed from training while others were permitted to attend, she has been refused time off while others are provided all requests, refused tech support while working when others who have not made complaints are provided tech support, and denied lateral transfer based on the recommendations of supervisors and the pretexual discipline.

45. On October 9, 2019, the Plaintiff was denied a transfer to the new Berkeley Hospital Emergency Room.

46. On October 10, 2019, Roper St. Francis Human Resources Representative, Debora Wilson determined that the Plaintiff's concerns were unsubstantiated during her investigation.

47. That the Plaintiff has been discriminated against based on her race and retaliation for her complaints. That because of the discrimination and hostile work environment the Plaintiff has been denied opportunities that are part of her position description, refused training and promotions and been refused equal pay. That the hostile work environment was severe and pervasive enough to force a reasonable woman to seek assistance and treatment.

48. That each of the reasons provided by the Defendant for not hiring/transferring, or fixing the Plaintiff's work environment was meant to harass the Plaintiff, harm the Plaintiff and retaliate against the Plaintiff.

49. That Defendant wrongfully discriminated against the Plaintiff in violation of Title VII and ADEA.

50. That each of the reasons presented by the Defendant was pretextual.

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

51. Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

52. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, loss of promotion, loss of benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

53. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

54. That the Plaintiff was issued certain policies and procedures by the Defendant.

55. The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

56. That as a result of Defendant's actions regarding retaliation, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

57. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her race/national origin, sex and age.

58. That the Defendant, treated the Plaintiff significantly differently based on her race/national origin, sex, age, and her complaints.

59. That the Plaintiff's Caucasian coworkers were treated more favorably in evaluations, promotion, work enviroment and employment.

60. That the Defendant's actions towards the Plaintiff violated the law.

61. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

62. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, race and sex, the Plaintiff:

    a. suffered severe emotional distress;

    b. suffered future lost wages and future lost benefits;

    c. suffered economic damages;

    d. Loss of employment;

    e. Loss of Future employment;

    f. incurred attorney fees for this action;

    g. incurred costs of this action; and

    h. will incur future attorney fees and costs.

63. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future, and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

64. That the Defendant evaluated the plaintiff differently based on her complaints, sex, race/national origin, and age.

65. That the Plaintiff's employer discriminated against the Plaintiff based on her race/national origin, sex, age and complaints.

66. That the Defendant failed and refused to allow the Plaintiff any changes in the terms and conditions of her employment.

67. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

68. Pursuant to Federal Law, Plaintiff also seeks compensatory damages including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

69. Pursuant to Federal Law, Plaintiff also seeks to recover punitive damages from Defendant for discriminating against Plaintiff with malice or with reckless indifference to Plaintiff's federal protected rights.

70. Plaintiff seeks all back pay and fringe benefits to which she is entitled under Federal Law, as well future damages, and liquidated damages under the act.

71. As Plaintiff is seeking damages under Federal Law. Plaintiff also demands a jury trial as to all claims properly tried to a jury pursuant Federal Law.

72. Pursuant to Federal Law, Plaintiff seeks her attorney's fees in bringing this action, including expert witness fees, and further seeks her costs associated with bringing this action pursuant to the Federal Rules of Civil Procedure, along with prejudgment and post-judgment interest pursuant to the law.

**FOR A FIRST CAUSE OF ACTION**
**RACE DISCRIMINATION/NATIONAL ORIGIN and SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

73. That Paragraphs one (1) through seventy-two (72) are hereby incorporated verbatim.

74. That the Plaintiff has been treated differently based on her race/national origin and sex by the Defendant.

75. That other employee was not disciplined for missing dates from work, treated more favorably by being allowed to leave, treated more favorably by removing people from the schedule so that no discipline was given.

76. That the Plaintiff participated in a protected act when she reported racial discrimination, racial harassment, and hostile work environment.

77. That the Defendant allowed the Plaintiff to be discriminated against based on her race/national origin in violation of their own policies and procedures.

78. That the Plaintiff reported the discrimination. That the Defendant failed and refused to correct the behavior. That the behavior became worse after the Plaintiff's reports.

79. That the Defendant allowed the Plaintiff's supervisor to treat Caucasian employees more favorably without repercussions.

80. That the Defendants discriminated against the plaintiff based on her race.

81. That the Defendants took adverse employment action against the Plaintiff by:

    (a) Failing to protect the Plaintiff from a Racially Hostile work environment; and

    (b) Refusing to enforce its own policies concerning discipline of employees engaging in harassing comments.

82. That the Defendants subjected the Plaintiff to discrimination in violation of the law.

83. That, as a direct and proximate result of the Defendants' intentional, unlawful and retaliatory actions, the Plaintiff:

    (a) Suffered severe emotional distress;

    (b) Suffered lost wages and benefits;

    (c) Suffered future lost wages and benefits;

    (d) Incurred attorney's fees and costs of this action.

84. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A SECOND CAUSE OF ACTION

## RETALIATION FOR COMPLAINTS REGARDING DISCRIMINATION

85. That Paragraphs one (1) through eighty-four (84) are hereby incorporated verbatim.

86. That the Plaintiff is an employee as defined by Federal Law pursuant to Title VII and the Age Discrimination in Employment Act.

87. That the Plaintiff has made complaints regarding race/national origin discrimination, age discrimination, retaliation, hostile work environment to management/Human Resources. As a result of those complaints the Plaintiff was not transferred, not received equal opportunity, not received equal training, harassed, and been retaliated against.

88. As a result of those complaints the plaintiff has been treated differently and subjected to retaliation.

89. That the Plaintiff has made continuous complaints of discrimination based on race/national origin, age discrimination, retaliation, hostile work environment including differential treatment, failure to transfer, failure to provide support at work and hostile work environment.

90. That the Defendant retaliated against the Plaintiff by placing her in the most hostile work environment, failing to transfer her, failing to allow her to attend training, failing to allow her the opportunities that it has given to other individuals, negatively affecting her ability for transfer, and rebuffing her complaints.

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

91. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints.

92. That the Plaintiff was considered an exemplary employee by many of her supervisors until the Plaintiff filed complaints regarding discrimination and differential treatment in the work environment.

93. As a result of the Plaintiff's complaints regarding discrimination based on her Race/National Origin, Age Discrimination, Retaliation, and hostile work environment based on her previous complaints the Defendant retaliated against the Plaintiff by failing to transfer, hire her for any other positions, and subjecting her to a hostile work environment.

94. The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

95. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated. Including, future losses related to refusals to provide appropriate raises and positions.

96. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

97. That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Federal Law.

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

## AGE DISCRIMINATION IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

98. That paragraphs one through ninety-seven (97) are hereby incorporated verbatim.

99. That the Plaintiff was subjected Age Discrimination while employed with the Defendant.

100. That the Defendant, treated the Plaintiff significantly differently based on her age.

101. That the Defendant, treated the Plaintiff sifnificantly different than it treated younger employees. That the Defendant did not discipline younger employees for actions that would have been terminable offesnses. That the Defendant treated younger employees more favorably with no discipline and no threat of termination.

102. That the Defendant's treatment of the Plaintiff was so hostile the Plaintiff was forced to take medical leave, and seek medication.

103. That the Defendant's actions towards the Plaintiff violated the law.

104. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

105. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

　　a. suffered severe emotional distress;

　　b. suffered future lost wages and future lost benefits;

　　c. suffered economic damages;

　　d. Loss of employment;

　　e. Loss of Future employment;

　　f. incurred attorney fees for this action;

　　g. incurred costs of this action; and

　　h. will incur future attorney fees and costs.

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

106.  That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII AND ADEA

107.  That Paragraphs one (1) through one hundred and six (106) are hereby incorporated verbatim.

108.  That the Plaintiff was an employee of the Defendants.

109.  That the Defendants are employers in accordance with Federal Law.

110.  That the Defendants subjected the Plaintiff to a hostile work environment.

111.  That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

112.  The Plaintiff was subjected to discrimination based on her Race/National Origin, Age, and Sex.

113.  That the Defendant failed and refused to address the situation.

114.  That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Race/National Origin, Sex, and Age.

115.  That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

116.  That the Plaintiff has been damaged as a result of the Defendant work environment.

117.  That the Defendant is the direct and proximate cause of damage to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this Honorable Court:

ELECTRONICALLY FILED - 2021 Jan 04 1:58 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1000008

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E. Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of sexual discrimination;

F. Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of Federal Law;

G. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

H. Award all damages available to the Plaintiff pursuant to Federal Law;

I. Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in sexual discrimination, disparate treatment or retaliation against plaintiff and

J. enter any other order the interests of justice and equity require.

HUNT LAW LLC

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated: January 4, 2021

**Cerchione, Carla**

| | |
|---|---|
| **From:** | Horton, Greg <Greg.Horton@wbd-us.com> |
| **Sent:** | Wednesday, January 13, 2021 11:59 AM |
| **To:** | Bonnie Travaglio Hunt |
| **Cc:** | Cerchione, Carla |
| **Subject:** | FW: Scanned document from ShareScan |
| **Attachments:** | Scan.pdf |

Bonnie, attached are the acceptances – thank you!

**Greg Horton**
Partner
Womble Bond Dickinson (US) LLP

**d:** 843-720-4625
**m:** 843-270-2266
**e:** Greg.Horton@wbd-us.com

5 Exchange Street
PO Box 999 (29402)
Charleston, SC 29401



**womblebonddickinson.com**



**From:** Omtool Accuroute <OAccuroute@wbd-us.com>
**Sent:** Wednesday, January 13, 2021 11:44 AM
**To:** Horton, Greg <Greg.Horton@wbd-us.com>
**Subject:** Scanned document from ShareScan

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br><br>LAURA CERTEZA,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ROPER ST. FRANCIS HEALTHCARE,<br><br>　　　　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br><br>Civil Action No. 2021-CP-10-00008<br><br>**ACCEPTANCE OF SERVICE** |

THIS IS TO CERTIFY that the undersigned, Greg Horton, does hereby acknowledge the acceptance of service of the **Summons and Complaint**, on behalf of Roper St. Francis Healthcare on the 13th day of January, 2021.

　　　　　　　　　　　　　　　　　　　　Greg Horton
　　　　　　　　　　　　　　　　　　　　Womble Bond Dickinson (US) LLP
　　　　　　　　　　　　　　　　　　　　5 Exchange Street
　　　　　　　　　　　　　　　　　　　　Charleston, SC  29401
　　　　　　　　　　　　　　　　　　　　843-720-4625
　　　　　　　　　　　　　　　　　　　　Greg.Horton@wbd-us.com

Page 1 of 1

WBD (US) 51127584v1